**In re PIPER AIRCRAFT DISTRIBU-
TION SYSTEM ANTITRUST
LITIGATION.**

**No. 217.**

United States District Court,
W. D. Missouri, W. D.

Feb. 12, 1976.

Edward A. McConwell, Overland Park, Kan., for Van-S-Aviation Corp.

Robert W. Spears, Smith, Cohen, Ringel, Kohler & Martin, Atlanta, Ga., for Expervita, Inc., Montgomery Piper Sales, Inc.

John A. Stemmler, Burch, Porter & Johnson, Memphis, Tenn., for Memphis Aero Corp.

Herschel C. Adcock, Adcock and Dupree, Baton Rouge, La., for Louisiana Aircraft, Inc.

Chas. G. Middleton, Jr., Middleton, Reutlinger & Baird, Louisville, Ky., for Louisville Flying Service.

Harry P. Thomson, Jr., Shugart, Thomson & Kilroy, Kansas City, Mo., for Gregory Aviation Co.

Thomas J. Wheatley, Lathrop, Koontz, Righter, Clagett, Parker & Norquist, Kansas City, Mo., for Muncie Aircraft Corp.

David R. Hardy, Shook, Hardy & Bacon, Kansas City, Mo., for Piper Aircraft Corp.

Reagan M. Martin, Martin, Harrison & Withers, Dallas, Tex., for Aerosmith Corp.

W. F. Womble, Womble, Carlyle, Sandridge & Rice, Winston-Salem, N.C., for Piedmont Piper Sales.

Wesley M. Walker, Leatherwood, Walker, Todd & Mann, Greenville, S.C., for Hawthorne Aero Sales.

David W. Walker, Foley, Hoag & Eliot, Boston, Mass., for E. W. Wiggins Airways, Inc.

Joseph E. Coughlin, Lord, Bissell & Brooks, Chicago, Ill., for Tufts-Edgcumbe, Inc.

## MEMORANDUM

GORBEY, District Judge.

On December 18, 1975, the Judicial Panel on Multidistrict Litigation, pursuant to a motion filed by Van-S-Aviation Corporation, ordered that six antitrust actions then pending in six different districts [1] be consolidated for pretrial proceedings in the Western District of Missouri, 405 F.Supp. 1402. On January 21, 1976, the first pretrial conference was held at which time it was determined that before these cases could proceed any further, numerous outstanding motions in each case must first be decided. Primary among these motions is an identical motion filed in five of the six districts to dismiss the plaintiff's class action allegations. Two of the three defendants in the sixth action [2] have subsequent to the pretrial conference, joined in this motion. Since a determination of this motion might render most of the other motions moot, I will consider it first.

On December 10, 1973, Van-S-Aviation Corporation (hereinafter referred to as "Van-S") filed an action on behalf of an alleged class of current and former authorized Piper dealers in the United States District Court for the Southern District of Florida (Florida action). Many of the defendants in the Florida action are defendants herein. In the Florida action a hearing was held on

---

1. These actions are: *Van-S-Aviation Corp. v. Memphis Aero Corp. et al.*, Eastern District of Arkansas; *Van-S-Aviation Corp. v. Epervita, Inc.*, Northern District of Georgia; *Van-S-Aviation Corp. v. Tufts Edgcumbe, Inc., et al.*, Eastern District of Illinois; *Van-S-Aviation Corp. v. E. W. Wiggins Airways, Inc.*, District of Connecticut; *Van-S-Aviation Corp. v. Hawthorne Aero Sales, et al.*, District of South Carolina; and *Van-S-Aviation Corp. v. Piper Aircraft Corp., et al.*, Western District of Missouri.

2. The Missouri action.

April 22 and 23, 1974, to determine whether or not the action should proceed as a class action. Subsequent to that hearing, on May 2, 1974, the Florida court determined that:

"1. The claim of the Plaintiff, Van-S-Aviation Corporation, is not typical of the claim, if any, of the class, as required by Rule 23(a)(3).

2. The representative party, Van-S-Aviation Corporation, will not fairly and adequately protect the interests of the purported class, as required by Rule 23(a)(4).

3. The questions of law or fact common to members of the class do not predominate over questions affecting only individual members, as provided by Rule 23(b)(3).

4. A class action would not be superior to other available methods for the fair and efficient adjudication of the controversy as provided under Rule 23(b)(3).

For each of the foregoing reasons, the Plaintiff's motion to proceed as a class action has been denied. It is further ordered that the case shall proceed by the individual Plaintiff, Van-S-Aviation Corporation, against the Defendants."

The day after the Florida court issued its order, Van-S voluntarily dismissed its individual claims in the Florida law suit pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

■ In the instant motion to dismiss the class action allegations of the plaintiff, the defendants point out that Van-S is requesting the exact same class which it requested and was denied in the Florida action. Defendants claim that the class action issue was fully litigated and conclusively determined in the Florida action. They further claim that Van-S is now estopped from relitigating that issue. For the reasons stated *infra*, I agree with the defendants and therefore grant their motion to dismiss the class action allegations of the plaintiff.

■ The doctrine of collateral estoppel can be used defensively by a party not a defendant in the original case against a plaintiff who was the plaintiff in the original case. In *Blonder-Tongue Lab Inc. v. University of Illinois Found.*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788, the Supreme Court ruled in a patent infringement suit that the patentee would be estopped from asserting the validity of a patent that had been declared invalid in a prior suit in federal court against a different defendant unless he could demonstrate that he did not have a full and fair opportunity, procedurally, substantively, and evidentially, to litigate its validity in the prior suit. Further, since the issue herein involves the propriety of the plaintiff acting as a class representative in each suit, and since the evidence would be the same in each suit, it is irrelevant whether or not each individual defendant was named in the prior suit. Therefore, the decision to be rendered today will be applicable to all defendants named in each district irrespective of whether or not they were named in the Florida action.

Section 68 of the Restatement of the Law, Second, Judgments (Tentative Draft No. 1, March 28, 1973) states:

"When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim."

Comment a. to § 68 begins:

"The rule of issue preclusion is operative where the second action is between the same persons who were parties to the prior action, and who were adversaries with respect to the particular issue, whether the second action is brought by the plaintiff or by the defendant in the original action. It is operative whether the judgment in the first action is in favor of the plaintiff or of the defendant. The effect of a judgment for the defendant in the first action may be to require a judgment for the defendant in the second action . . . "

Van-S cannot disagree that it is attempting to relitigate the exact same issue, that is, whether or not a class action should be maintained with Van-S as the representative of that class. Van-S claims the class issue and the propriety of Van-S as serving as a class representative was neither fully nor thoroughly determined in the Florida litigation, and that the ruling in Florida denying a class certification did not conclusively determine the class issue.

Plaintiff's defense is twofold: (1) plaintiff claims that the Florida decision was not a final judgment for purposes of *res judicata*; and (2) plaintiff claims that it has not had "its full day in court on the class action issue, and is certainly not estopped on the basis of the Florida proceedings which were demonstrably a miscarriage of justice." (Plaintiff's brief, page 6)

In *Huff v. N. D. Cass Co. of Alabama*, 468 F.2d 172, 179 (5th Cir. 1972), the court stated:

"Unless abuse is shown, the decision of a trial court as to whether a class action is properly brought is final . . .

Rule 23(c)(1) requires a trial court to make a determination, as early in the proceedings as may be practicable, as to whether an action brought as a class action is to be maintained as such."

Section 41 of the Restatement, Second, Judgments, entitled "Requirement of Finality", provides:

"The rules of res judicata are applicable only when a final judgment is rendered. However, for purposes of issue preclusion (as distinguished from merger and bar), 'final judgment' includes any prior adjudication of an issue in another action between the parties that is determined to be sufficiently firm to be accorded conclusive effect."

Comment b. to this section provides in part:

". . . Thus when res judicata is in question a judgment will ordinarily be considered final in respect to a claim if it is not tentative, provisional, or contingent and represents the completion of all steps in the adjudication of the claim by the court . . . Finality will be lacking if an issue of law or fact essential to the adjudication of the claim has been reserved for future determination . . . "

Comment e. to § 41 provides in part:

"A judgment may be final in a res judicata sense as to a part of an action although the litigation continues as to the rest . . . "

Plaintiff claims that in the Fifth Circuit the denial of class certification has been held to be interlocutory only in nature and thus not appealable in the absence of a showing under the "death knell" doctrine,[3] and that Van-S could not have made such a showing. However, had plaintiff proceeded in the Florida action to a final determination of its individual claims on the merits, it would at that time have had a right to appeal the class action determination. Further, Van-S did not ask the Florida court to certify its denial of class action for an interlocutory appeal, nor did it seek in any other manner a modification of the Florida court's order. Plaintiff decided instead to dismiss the Florida action and to pursue the Missouri action which had been pending and to file five other actions in five other districts, all requesting the same class action certification. In the Missouri action and in the five (5) actions filed subsequent to the dismissal of the Florida action, Van-S was represented by the same attorneys, filed the same complaint changing only certain defendants in each action, and requested the exact same class action certification in each action that it had requested in the Florida action. It is therefore quite evident, and plaintiff does not deny, that plaintiff is attempting to relitigate the

---

**3.** Van-S alleges that it has incurred $30,000 in damages. Therefore, denial of its class action motion would not automatically terminate the litigation due to the excessive cost of proceeding on the individual action.

same class action issue which it litigated and lost in the Florida action. Further, plaintiff does not maintain that subsequent developments have substantially altered the desirability of a class action. What plaintiff does maintain is that it is now prepared much better than it was in April, 1974 for a hearing on the class action issue.

In a case similar to ours, the Second Circuit stated:

"Whether a judgment, not 'final' in the sense of 28 U.S.C. § 1291, ought nevertheless be considered 'final' in the sense of precluding further litigation of the same issue, turns upon such factors as the nature of the decision (i. e., that it was not avowedly tentative), the adequacy of the hearing, and the opportunity for review. 'Finality' in the context here relevant may mean little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again."

*Lummus Company v. Commonwealth Oil Refining Company*, 297 F.2d 80 (2d Cir. 1961) at 89.

In support of its contention that a denial of class action is not a final decision of the trial court, plaintiff cites *Illinois v. Harper & Row Publishers, Inc.*, 301 F.Supp. 484, 492 (N.D.Ill.1969). In that case, a multidistrict action, the first action was brought in the Eastern District of Pennsylvania.[4] In 1967, class action certification had been denied in that first action. However, in 1969, the Illinois court, which then had jurisdiction over the original action along with approximately twenty other cases consolidated pursuant to 28 U.S.C. § 1407, reconsidered the class issue and determined that the case should then proceed as a class action. Defendants point out that the Philadelphia court in 1967 stated in its opinion that

" . . . We do not believe, *at this time*, that any questions of law and

fact, common to all members, 'predominate' over questions affecting individual members."

(emphasis in the original)

Thus, defendants conclude that it was the Philadelphia judge's decision that the class action determination was tentative. In contrast, defendants point out that in the Florida action the court made no such "tentative" remarks in its order. Further, defendants point out that the Illinois court was reconsidering an earlier decision in the same case which was then before it. In the Florida action, Van-S certainly would have been permitted to request the court to reconsider its determination on the class action issue. Instead, Van-S decided to dismiss that case and pursue identical cases before other judges in other districts. I do not believe that a plaintiff should be permitted to file identical actions in numerous different districts and dismiss those actions where adverse decisions are rendered and pursue only those actions where the court decides particular matters in its favor.

In *Blonder-Tongue Lab Inc. v. University of Illinois Found., supra*, the Supreme Court stated:

" . . . we do not suggest . . . that a plea of estoppel . . . must automatically be accepted once the defendant in support of his plea identifies the issue in suit as the identical question finally decided against the patentee . . . in previous litigation. Rather, the patentee-plaintiff must be permitted to demonstrate, if he can, that he did not have 'a fair opportunity procedurally, substantively and evidentially to pursue his claim the first time' . . . "

The Supreme Court stated in *Blonder* that no one set of facts would provide an automatic formula on proper rulings on estoppel pleas. The Court stated that the court in the second litigation must decide in a principled way whether or not it is just and equitable to allow the

---

4. *See School District of Philadelphia v. Harper & Row Publishers, Inc.*, 267 F.Supp. 1001.

plea of estoppel in the case before it. Certain considerations suggested by the Supreme Court in determining whether or not plaintiff had a full and fair chance to litigate in the earlier action are (1) choice of forum; (2) incentive to litigate; (3) does opinion indicate that the prior case was one of those relatively rare instances where the courts wholly failed to grasp the technical subject matter and issues in suit; (4) whether without fault of his own the patentee was deprived of crucial evidence or witnesses in the first litigation.

In our case there is no doubt that plaintiff had the incentive to litigate the case and that plaintiff chose the forum, that is, the Southern District of Florida. As for the Supreme Court's third consideration, although counsel for plaintiff, Mr. McConwell, asserted at the pretrial conference on January 21, 1976 that Judge Mehrtens in the Florida action was totally prejudiced against the plaintiff and that "Judge Mehrtens appeared totally unfamiliar with the Manual for Complex and Multidistrict Litigation" in denying plaintiff further time to prepare for the class action hearing, I believe Judge Mehrtens' procedures in the Florida action were consistent with the aforementioned Manual, and I cite in particular page 21 of the Manual wherein it states:

"A rule or practice requiring early notice to the court of a potential class action is absolutely necessary.[20] The court should explore at an early state in the pretrial preparation whether the action is brought as (or may develop into) a class action; if so, the court must make a determination 'as soon as practicable . . . whether it is to be so maintained.' Rule 23(c)(1).[21] Under the recent decision in *Eisen v. Carlisle & Jacquelin*, the determination that the action is or is not maintainable as a class action cannot ordinarily be made without affording the parties:

"[20] See the Proposed Local Rule in the Southern District of New York on class actions, *Appendix* 1.6.

"[21] 'As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained . . . .'

' . . . a prompt and expeditious evidentiary hearing, with or without discovery proceedings, on the questions of notice, adequacy of representation, effective administration of the action and any other matters which the District Court may consider pertinent and proper.' " [22]

[22] 319 [391] F.2d 555, 570 (C.A. 2 1968)."

The above-mentioned proposed Local Rule (Appendix 1.6) which was in effect and followed in the Florida action requires the plaintiff, after filing of a complaint in a class action, to move within ninety (90) days for a determination as to whether the case is to be maintained as a class action. As for the fourth consideration plaintiff knew or should have known the contents of the above referenced Local Rule requiring it to move for class action certification within ninety days. It is apparently plaintiff's contention that since its case was an extremely difficult case, it should as a matter of right have been permitted much more extensive discovery prior to moving for a class action certification. However, whether or not further discovery is going to be permitted is a matter within the discretion of the trial court. If plaintiff felt it needed more time to prepare its case, it should have delayed filing its complaint pending further work on its own. Plaintiff gambled that it could file its complaint and have as much time as it wanted to then prepare for a class action hearing.

Section 68.1 of the Restatement of the Law, Second, Judgments provides exceptions to the general rule of issue preclusion. Comment j. to that section, which is applicable here, provides:

" . . . whether or not relief from the first judgment may be obtained, the court in the second proceeding may conclude that issue preclusion should not apply because the party sought to be bound did not have an adequate opportunity or incentive to

obtain a full and fair adjudication in the first proceeding. Such a refusal to give the first judgment preclusive effect should not occur without a compelling showing of unfairness, nor should it be based simply on a conclusion that the first determination was patently erroneous. But confined within proper limits, discretion to deny preclusive effect to a determination under the circumstances stated is central to the fair administration of preclusion doctrine."

There has not been a compelling showing of unfairness in the Florida action. Further, had there been a showing of unfairness or of any other irregularity, plaintiff could have brought it to that court's attention via a motion for reconsideration or could have requested that the Florida court certify its denial of class action for an immediate appeal under § 1292(b) of Title 28 U.S.C., or continue the case on its own merits as an individual action and at the conclusion of that case, appeal the trial court's decision on the class action issue to the Fifth Circuit Court of Appeals. Plaintiff should not attempt to "appeal" the Florida District Court's opinion in six other district courts. In a recent Seventh Circuit decision, *Rhodes v. City of Chicago, Use of Schools*, 516 F.2d 1373, a similar question was raised:

> "Appellees argue that the state court provided appellants 'with a full and adequate forum for raising their constitutional and nonconstitutional claims' and having taken no appeal from the state court judgments or rulings they are estopped from any federal collateral attack upon the state court proceedings."

516 F.2d 1373, at 1378.

The court determined that:

> " . . . the state court was a proper forum for the enforcement of any constitutional rights that may have been violated. Appellants could have appealed the adverse ruling in state court, but did not do so. We conclude that summary judgment was properly granted against all of the defendants."

*Supra*, at 1380.

Plaintiff also claims that the Florida court made numerous evidentiary errors during the hearing on the class action. Once again, plaintiff should have either requested a modification of the Florida ruling, a certification for an immediate appeal or continue with its individual claim and subsequent to a trial on the merits and a final judgment on the merits of the case file an appeal to the Fifth Circuit Court of Appeals. This court, the United States District Court for the Western District of Missouri, has no jurisdiction to hear an appeal on evidentiary rulings in a hearing which was conducted in a United States District Court in Florida.

For the reasons stated above, I have decided that it would be entirely unjust and inequitable to allow plaintiff to renew its request for class action determination in six (6) other district courts after having been denied in the Florida action. It is quite clear that plaintiff is shopping around for the forum which would be the most receptive to plaintiff's views. Our system of justice does not permit this type of action. Therefore, defendants' motions to dismiss plaintiff's class action allegations and the alleged class action aspects in each of the six (6) cases will be granted.